IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James L. Padgett, Jr., | ) | C/A No. 0:10-1713-DCN-PJG |
|                     Plaintiff, | ) | |
| v. | ) | |
| Orangeburg County Sheriff's Dept.; Sheriff Leroy Ravenell; Lt. Stokes; Director Willie Bamberg; Warden McKie; Robert Peele; Don West, Owner-Operator of West Towing Company; Unknown Defendant at Orangeburg County Detention Center, | ) | **ORDER** |
|                     Defendants. | ) | |

The plaintiff, James L. Padgett, Jr. ("Padgett"), a self-represented state prisoner, filed a Complaint in the Court of Common Pleas in Richland County asserting violations of his property rights under the Fourteenth Amendment to the United States Constitution, as well as various state law claims. The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. § 1331. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on Padgett's motions to amend his complaint and to compel discovery. (ECF Nos. 92, 106, 107, 116, & 120.)

**A.     Motions to Amend/Correct**

Padgett files two motions in which he seeks to amend his Amended Complaint and add defendants. The deadline to amend pleadings established by the Scheduling Order has expired, and Padgett has not presented any extraordinary circumstances pursuant to the terms of the Scheduling Order to justify a late amendment. Although Padgett argues that his amendments should be allowed pursuant to Federal Rule of Civil Procedure 15(c), this subsection does not address the issue of

whether Padgett's *motions* were timely filed. Therefore, Padgett's motions to amend his Amended Complaint (ECF Nos. 106 & 120) are denied.

**B.    Motions to Compel**

Padgett's motions to compel appear to assert that he has not received complete discovery responses from two separate groups of defendants: Padgett's motions filed June 24, 2011 and September 21, 2011 (ECF Nos. 92 & 116) pertain to Defendants Lt. Stokes, Sheriff Leroy Ravenell,[1] Bamberg, and Unknown Defendant; and Padgett's motion filed August 30, 2011 (ECF No. 107) pertains to Defendants McKie and Peele.

> **a.    Defendants Lt. Stokes, Sheriff Leroy Ravenell, Bamberg, and Unknown Defendant**

Padgett argues that Defendants Stokes, Ravenell, Bamberg, and Unknown Defendant (collectively "Detention Center defendants") have failed to fully respond to his discovery requests. In his first motion (ECF No. 92), Padgett appears to allege that he did not receive responses from the Detention Center defendants to discovery requests allegedly served on the defendants on March 31, 2011. The court previously ruled in its May 18, 2011 order that "to the extent Padgett seeks responses to interrogatories and requests for production which were not served prior to the discovery deadline, they are denied." (ECF No. 66.) Further, the court notes that, although the Detention Center defendants objected to the discovery requests that could have been sought within the original discovery period, the Detention Center defendants did provide responses to Padgett's additional discovery requests within their response in opposition to Padgett's motion to compel. (See ECF No. 111.) Accordingly, Padgett's motion to compel (ECF No. 92) is denied.

---

[1] Sheriff Leroy Ravenell was substituted for Sheriff Larry Williams pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. (See Report and Recommendation, ECF No. 99 at 1 n.1) (adopted by Order, ECF No. 103).



Padgett's second motion to compel against the Detention Center defendants (ECF No. 116) appears to allege that the Detention Center defendants have failed to fully answer certain requests from Padgett's first interrogatories and production requests. Having reviewed the parties' filings with regard to Padgett's motion, the court finds that these defendants have adequately complied with the court's orders and provided responses that satisfy the requirements of the Federal Rules of Civil Procedure. To the extent that Padgett challenges any objections made by the Detention Center defendants to his discovery requests, the defendants' objections are sustained. Further, although Padgett may disagree with the Detention Center defendants' responses to his discovery requests, such disagreement is not a proper ground for a motion to compel. Padgett's motion to compel and request for a discovery hearing are therefore denied.

Padgett also seeks sanctions against the Detention Center defendants. The crux of Padgett's motion appears to be that although Padgett requested production of the videotape of his May 27, 2009 arrest from the Detention Center defendants and indicated that the videotape may be in possession of another entity, the defendants failed to obtain the video and produce it to Padgett. Padgett has provided a letter from an Orangeburg County public defender indicating that her office has a copy of the videotape. He argues that the defendants' failure to obtain a copy of the video from the public defender and provide to it to him warrants sanctions. Padgett's request for sanctions against the defendants is denied, as Rule 34 provides that a party may request production of items in another party's possession, custody, or control. See Fed. R. Civ. P. 34. Because the videotape was not in the possession, custody, or control of the Detention Center defendants, sanctions are not warranted.

Padgett also moves that the court issue a "protective order" securing the videotape of his May 27, 2009 arrest from the public defender's office. However, the public defender's office is not a party to this matter. Therefore, Padgett's request is denied.[2]

### b. Defendants McKie and Peele

Having reviewed the parties' filings with regard to Padgett's discovery requests directed at Defendants McKie and Peele, the court finds that Padgett's motion to compel (ECF No. 107) is moot and should therefore be denied. To the extent that Padgett seeks supplemental responses to his discovery requests, the defendants are reminded that they have a continuing duty to supplement their responses pursuant to Federal Rule of Civil Procedure 26(e).

### ORDER

Based on the foregoing, it is hereby

**ORDERED** that Padgett's motions (ECF Nos. 92, 106, 107, 116, & 120) are denied. It is further

**ORDERED** that all other motions, except those to complete discovery and those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, shall be filed on or before **January 31, 2012**. (Fed. R. Civ. P. 16(b)(2)).

**IT IS SO ORDERED.**

*/s/ Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 28, 2011
Columbia, South Carolina

---

[2] The court notes that the public defender has apparently advised Padgett that he may request a copy of the videotape from her upon his release from prison, currently projected as December 16, 2011. (See ECF No. 116-1 at 8.)